**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

STATE OF OKLAHOMA; STATE OF
KANSAS; STATE OF NORTH DAKOTA;
DOMESTIC ENERGY PRODUCERS
ALLIANCE; and OKLAHOMA FARM
BUREAU, INC.

        Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF THE
INTERIOR; S. M. R. JEWELL, in her official
capacity as Secretary of the United States
Department of the Interior; UNITED STATES
FISH AND WILDLIFE SERVICE; DANIEL
ASHE, in his official capacity as Director,
United States Fish and Wildlife Service;
GARY FRAZER, in his official capacity as
Assistant Director for Endangered Species,
United States Fish and Wildlife Service; and
DIXIE PORTER, in her official capacity as
Field Supervisor of the Oklahoma Ecological
Services Field Office, United States Fish and
Wildlife Service,

        Defendants.

No. 4:14-cv-00123-JHP-PJC

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants United States Department of the Interior ("Interior"); S. M. R. Jewell, in her

official capacity as Secretary of the Interior; the United States Fish and Wildlife Service

("FWS"); Daniel Ashe, in his official capacity as FWS's Director; Gary Frazer, in his official

capacity as FWS's Assistant Director for Endangered Species; and Dixie Porter, in her official

capacity as Field Supervisor of FWS's Oklahoma Ecological Services Field Office, (collectively,

"Defendants") answer Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"), Docket ("Dkt.") 19, as follows:

## INTRODUCTION

1. The allegations contained in the first and third sentences in paragraph 1 purport to characterize Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations. In response to the allegations contained in the second sentence of paragraph 1, Defendants aver that Plaintiffs State of Oklahoma and the Domestic Energy Producers Alliance have submitted to FWS a letter that purports to provide notice of Plaintiffs' intent to sue pursuant to 16 U.S.C. §1540(g).

2. The allegations contained in the first and second sentences of paragraph 2 purport to characterize Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations contained in the third sentence of paragraph 2 contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. The allegations contained in the first sentence of paragraph 3 purport to characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(b)(3)(B), which speaks for itself and contains the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. In response to the allegations contained in the second sentence of paragraph 3, Defendant aver that a species that is warranted for listing but for which the immediate proposal and timely promulgation of a final regulation is precluded is considered a "candidate species." The remaining allegations contained in the second sentence of paragraph 3 are denied.

4.      The allegations contained in paragraph 4 purport to characterize the ESA, which speaks for itself and contains the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

5.      The allegations contained in paragraph 5 purport to characterize the ESA, which speaks for itself and contains the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

6.      The allegations in the first sentence of paragraph 6 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The remaining allegations contained in paragraph 6 purport to characterize two settlement agreements entered in prior multi-district litigation ("MDL Settlement Agreements"). The settlement agreements speak for themselves and contain the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

7.      The allegations contained in paragraph 7 purport to characterize the MDL Settlement Agreements, which speak for themselves and contain the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

8.      Defendants admit that the Service listed the rabbitsfoot mussel as threatened on September 17, 2013, and the lesser prairie-chicken as threatened on March 29, 2014.  The remaining allegations contained in paragraph 8 purport to characterize Plaintiffs' case, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

9.      The allegations contained in the first, second, and third sentences of paragraph 9 contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations in the fourth sentence of paragraph 9.

10.     The allegations contained in the first sentence of paragraph 10 contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations contained in the second sentence of paragraph 10 concerning the "premature listing" of the rabbitsfoot mussel and its' "cumbersome" effects are vague and ambiguous, and on that basis Defendants deny the allegations.  The allegations contained in the third sentence of paragraph 10 purport to characterize the Lesser Prairie-Chicken Range-Wide Conservation Plan, which speaks for itself and contains the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

11.     In response to the allegations contained in the first, second, and third sentences of paragraph 11, Defendants aver that the Service approved a Range-Wide Oil & Gas Candidate Conservation Agreement ("CCAA") for the lesser prairie-chicken on February 28, 2014, and Agricultural CCAA for the lesser prairie-chicken on January 25, 2013.  These agreements speak for themselves and contain the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations contained in the first, second, and third sentences of paragraph 11.  In response to the allegations contained in the fourth sentence of paragraph 11, Defendants aver that the Service was required by the ESA and the MDL Settlement Agreements to complete a final listing determination for the lesser prairie-chicken by March 31, 2014, that they submitted the final listing determination to the Federal Register on March 29, 2014, and that the final listing determination was published in the Federal Register on April 10, 2014 (79 Fed. Reg. 19,974).  The ESA, the MDL Settlement Agreements, and the final listing determination for the lesser prairie-chicken speak for themselves and contain the best evidence of their contents.  Any allegations contrary to their plain language and meaning

are denied. In response to the allegations contained in the fifth sentence of paragraph 11, Defendants deny that the Service pre-determined the outcome of its final listing determination for the lesser prairie-chicken. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations contained in the fifth sentence of paragraph 11, and deny them on that basis.

12. The allegations contained in paragraph 12 contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. The allegations contained in paragraph 13 contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

### JURISDICTION AND VENUE

14. The allegations contained in paragraph 14 contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

15. The allegations contained in paragraph 15 contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

### PARTIES

16. The allegations in the third sentence of Paragraph 16 purport to characterize the Lesser Prairie-Chicken Range-Wide Conservation Plan, the Oil & Gas CCAA and the Agricultural CCAA for the lesser prairie-chicken, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations contained in paragraph 16, and deny them on that basis.

17. The allegations in the third sentence of Paragraph 17 purport to characterize the Lesser Prairie-Chicken Range-Wide Conservation Plan and the Oil & Gas CCAA for the lesser

prairie-chicken, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations contained in paragraph 17, and deny them on that basis.

18.     Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations contained in paragraph 18, and deny them on that basis.

19.     The allegations in the fifth sentence of Paragraph 19 purport to characterize the Lesser Prairie-Chicken Range-Wide Conservation Plan and the Oil & Gas CCAA for the lesser prairie-chicken, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations contained in paragraph 19, and deny them on that basis.

20.     The allegations in the fifth sentence of Paragraph 20 purport to characterize the Agricultural CCAA for the lesser prairie-chicken, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the remaining allegations contained in paragraph 20, and deny them on that basis.

21.     In response to the allegations contained in paragraph 21, Defendants aver that the U.S. Department of the Interior is one of the federal agencies charged with responsibilities pursuant to the ESA, including administering the listing procedures in 16 U.S.C. § 1533. Defendants deny any remaining allegations in paragraph 21.

22.     In response to the allegations contained in paragraph 22, Defendants aver that the Secretary of the Interior has delegated authority to FWS to implement and enforce the ESA with respect to certain species. Defendants deny any remaining allegations in paragraph 22.

23.     In response to the allegations contained in the first sentence of paragraph 23, Defendants admit that Sally Jewell is currently the Secretary of the Interior. Defendants further aver that the remaining allegations contained in the first sentence of paragraph 23 purport to characterize Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations contained in the second sentence of paragraph 23 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

24.     Defendants admit that Daniel M. Ashe is currently the Director of FWS, but aver that the remaining allegations contained in the first sentence of paragraph 24 purport to characterize Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations contained in the second sentence of paragraph 24 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

25.     Defendants admit that Gary Frazer is currently the Assistant Director for Endangered Species at FWS, but aver that the remaining allegations contained in the first sentence of paragraph 25 purport to characterize Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations contained in the second sentence of paragraph 25 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

26.     Defendants admit that Dixie Porter is currently the Field Supervisor for the Oklahoma Ecological Services Field Office of FWS, but aver that the remaining allegations contained in the first sentence of paragraph 26 purport to characterize Plaintiffs' case, to which no response is required.  To the extent a response is required, Defendants deny the allegations. The allegations contained in the second and third sentences of paragraph 26 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## LEGAL FRAMEWORK

27.     The allegations contained in paragraph 27 purport to characterize the ESA, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

28.     The allegations contained in paragraph 28 purport to characterize the ESA, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

29.     The allegations contained in the first sentence of paragraph 29 purport to characterize the ESA, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations contained the second sentence of paragraph 29, and deny them on that basis.

30.     The allegations contained in paragraph 30 purport to characterize the ESA, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

31. The allegations contained in paragraph 31 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

32. The allegations contained in paragraph 32 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

33. The allegations contained in paragraph 33 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

34. The allegations contained in the first sentence of paragraph 34 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations contained in the second and third sentences of paragraph 34 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

35. The allegations contained in the first, second, and third sentences of paragraph 35 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the fourth sentence of paragraph 35 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. The allegations contained in paragraph 36 purport to characterize the Service's regulations implementing the ESA, which provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

37.     The allegations contained in paragraph 37 purport to characterize the ESA, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations in paragraph 37 also consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

38.     The allegations in paragraph 38 concerning the Service's historical "practice" and its "statutory prerogative" are vague and ambiguous, and on that basis Defendants deny the allegations.  Defendants further aver that the Service reconsiders the status of candidate species on an annual basis and makes these annual findings through a "Candidate Notice of Review" ("CNOR").  These CNORs speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

39.     The allegations contained in paragraph 39 purport to characterize the Service's CNOR and the ESA, which provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

40.     The allegations contained in paragraph 40 purport to characterize the Service's CNOR, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

41.     The allegations contained in paragraph 41 purport to characterize the Service's CNOR, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

42.     The allegations contained in paragraph 42 purport to characterize the ESA, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

43.     The allegations contained in paragraph 43 purport to characterize a 1982 House Report, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

44.     The allegations contained in paragraph 44 purport to characterize the ESA, the 1983 Endangered and Threatened Species Listing and Recovery Priority Guidelines (1983 Guidelines), and the 2013 CNOR, which provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

45.     The allegations contained in the first sentence that the Service receives petitions to list more species than it did prior to 1983 are admitted.  The remaining allegations contained in paragraph 45 purport to characterize the 2010 CNOR, the 12-month finding for the rattlesnake-master borer moth, and a 2012 listing petition, which provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

46.     The allegations contained in paragraph 46 purport to characterize the ESA and the 1999 Final Policy for Candidate Conservation Agreements with Assurances ("CCAA Policy"), which provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

47.     The allegations contained in paragraph 47 purport to characterize the CCAA Policy, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

48.     The allegations contained in paragraph 48 purport to characterize the CCAA Policy, which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

49.     The allegations contained in paragraph 49 purport to characterize the ESA and the CNOR, which provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

## PROCEDURAL AND FACTUAL BACKGROUND

50.     The allegations contained in paragraph 50 purport to characterize the transfer order of the Judicial Panel on Multidistrict Litigation in *In re: Endangered Species Act Section 4 Deadline Litigation*, MDL No. 2165 (ESA Deadline MDL), 716 F. Supp. 2d 1369 (June 8, 2010) (2010 MDL Transfer Order), which provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

51.     The allegations in Paragraph 51 purport to characterize the following court filings, which speak for themselves and are the best evidence of their contents:  Stipulated Settlement Agreement, *In re: Endangered Species Act Section 4 Deadline Litigation*, Misc. Action No. 10-377 (EGS), MDL No. 2165, Dkt. 31-1 (D.D.C. May 10, 2011), and Stipulated Settlement Agreement, *In re: Endangered Species Act Section 4 Deadline Litigation*, Misc. Action No. 10-377 (EGS), MDL No. 2165, Dkt. 42-1 (D.D.C. July 12, 2011) (collectively, "MDL Settlement Agreements").  Any allegations contrary to their plain language and meaning are denied. Defendants further aver that the United States District Court for the District of Columbia approved the settlement agreements on September 9, 2011 (Order Granting Joint Motion for Approval of Settlement Agreement and Order of Dismissal of WildEarth Guardians' ("Guardians") Claims, *In re: Endangered Species Act Section 4 Deadline Litigation*, Misc. Action No. 10-377 (EGS), MDL No. 2165, Dkt. 55, (D.D.C.), and Order Granting Joint Motion for Approval of Settlement Agreement and Order of Dismissal of Center for Biological Diversity's ("CBD") Claims, *In re: Endangered Species Act Section 4 Deadline Litigation*, Misc.

Action No. 10-377 (EGS), MDL No. 2165, Dkt. 56 (D.D.C.). The remaining allegations contained in paragraph 51 purport to characterize the MDL Settlement Agreement with Guardians, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

52. The allegations contained in paragraph 52 purport to characterize the MDL Settlement Agreement with Guardians, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

53. The first sentence of paragraph 53 purports to characterize the MDL Settlement Agreement with Guardians, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Defendants admit the allegations contained in the second sentence of paragraph 53 that FWS made a final listing determination on September 17, 2013, determining that the Neosho mucket mussel is an endangered species and that the rabbitsfoot mussel is a threatened species. The remaining allegations in the second, third, and fourth sentences of paragraph 53 purport to characterize that final status determination, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Defendants admit the allegations contained in the fifth sentence of paragraph 53 that FWS made a final status determination for the lesser prairie-chicken on April 10, 2014, determining that the lesser prairie-chicken is a threatened species. The remaining allegations in the fifth sentence of paragraph 53 purport to characterize that final status determination, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

54.     The allegations contained in paragraph 54 purport to characterize the MDL Settlement Agreement with Guardians, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

55.     The allegations contained in paragraph 55 purport to characterize the MDL Settlement Agreement with CBD, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

56.     The allegations contained in paragraph 56 purport to characterize the MDL Settlement Agreement with CBD, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

57.     The allegations in the second sentence of paragraph 57 concerning "so large a number of listing decisions in so short a time" are vague and ambiguous, and on that basis Defendants deny the allegations.   The remaining allegations contained in paragraph 57 are denied.

58.     The allegations contained in paragraph 58 are denied.

59.     The allegations contained in paragraph 59 purport to characterize the MDL Settlement Agreements and the 1983 Guidelines, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

60.     The allegations in paragraph 60 purport to characterize certain court filings and decisions, which speak for themselves, and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

61.     The allegations in the first sentence of paragraph 61 concerning "many new petitions" are vague and ambiguous, and on that basis Defendants deny the allegations.   In

response to the allegations in the second sentence of paragraph 61, Defendants aver that, on April 20, 2010, the Service received a petition to list 404 species. The allegations in the third sentence of Paragraph 61 purport to characterize a petition submitted by CBD, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in the fourth sentence of paragraph 61 concerning "many special-interest groups" that "routinely file petitions" are vague and ambiguous, and on that basis Defendants deny the allegations. The allegations contained in the fifth sentence in paragraph 61 purport to characterize the 12-month finding for the rattlesnake-master borer moth, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the sixth sentence in paragraph 61 are denied. The allegations in the seventh sentence in paragraph 61 purport to characterize the MDL Settlement Agreements and the 1983 Guidelines, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

62. The allegations in the first sentence of paragraph 62 purport to characterize the MDL Settlement Agreements, which speak for themselves, and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. In response to the allegations contained in the second sentence of paragraph 62, Defendants aver that they have not proposed revisions to the 1983 Guidelines. Defendants deny the remaining allegations of Paragraph 62.

63. With respect to the allegations contained in the first and second sentences of paragraph 63, Defendants aver that Table 1 of the 2010 CNOR, which listed the candidates that had been identified up to that time, included the Arkansas darter, Neosho mucket mussel, Sprague's pipit, lesser prairie-chicken, and rabbitsfoot mussel as candidate species whose

historical range included Oklahoma; the lesser prairie-chicken, Neosho mucket mussel, rabbitsfoot mussel, and Arkansas darter as candidate species whose historical range included Kansas; and Sprague's pipit and greater sage-grouse as candidate species whose historical range included North Dakota.  The remaining allegations purport to characterize the MDL Settlement Agreements, the 2010 CNOR and/or the 2013 CNOR, which speak for themselves, and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations contained in the third sentence of paragraph 63 that the Service has listed the lesser prairie-chicken as threatened, the Neosho mucket mussel as endangered, and the rabbitsfoot mussel as threatened, are admitted.

64.     With respect to the allegations contained in the first sentence of paragraph 64, Defendants aver that Table 1 of the 2010 CNOR, which listed the candidates that had been identified up to that time, included the lesser prairie-chicken, Neosho mucket mussel, rabbitsfoot mussel, and Arkansas darter as candidate species whose historical range included Kansas.  With respect to the allegations contained in the second sentence of paragraph 64, Defendants admit that the Service has completed a proposed listing rule for the Northern Long-Eared Bat, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The remaining allegations purport to characterize the MDL Settlement Agreements, the 2010 CNOR and/or the 2013 CNOR, which speak for themselves, and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

65.     With respect to the allegations contained in the first sentence of paragraph 65, Defendants aver that Table 1 of the 2010 CNOR, which listed the candidates that had been identified up to that time, included Sprague's pipit and greater sage-grouse as species whose

historical range included North Dakota.  The remaining allegations contained in Paragraph 65 purport to characterize the MDL Agreements, the 2010 CNOR and/or the 2013 CNOR, which speak for themselves, and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

66.     The allegations contained in the third sentence of paragraph 66 concerning the listing of the rabbitsfoot mussel and its' "cumbersome" effects are vague and ambiguous, and on that basis Defendants deny the allegations.  The remaining allegations contained in paragraph 66 contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

67.     The allegations contained in paragraph 67 contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

68.     Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations contained in the first sentence of paragraph 68, and deny them on that basis.  The remaining allegations contained in paragraph 68 contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

69.     With respect to the allegations contained in the first, second, and fourth sentences of paragraph 69, Defendants admit that the Service published a proposed rule to list the rabbitsfoot on October 16, 2012 (77 Fed. Reg. 63439), and published a final listing rule for the rabbitsfoot on September 27, 2013 (78 Fed. Reg. 57076).  The remaining allegations contained in the first, second, and fourth sentences of paragraph 69 purport to characterize the 2009 CNOR, the 2012 proposed listing rule, and the 2013 final listing rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations contained in the third sentence of paragraph 69 purport to

characterize the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations contained in the fifth sentence of paragraph 69 purport to characterize comments submitted to the Service, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations contained in the sixth sentence of paragraph 69 purport to characterize the final listing rule for the rabbitsfoot, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the seventh and eighth sentences of paragraph 69 are denied.

70.     Defendants admit that the Service published a final listing rule for the lesser prairie-chicken on April 10, 2014 (79 Fed. Reg. 19974). However, the final listing rule speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

71.     In response to the allegations contained in paragraph 71, Defendants aver that, on June 9, 1998, the Service published a 12-month finding on a petition to list the lesser prairie-chicken (68 Fed. Reg. 31,400) identifying the lesser prairie-chicken as a candidate with an LPN of 8. The remaining allegations in paragraph 71 purport to characterize the 12-month finding, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

72.     The allegations contained in paragraph 72 purport to characterize the 2008 CNOR and the proposed listing rule for the lesser prairie-chicken, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

73. The allegations in the fifth sentence of paragraph 73 concerning "[o]ther actions" conferring "conservation benefits" are vague and ambiguous, and on that basis Defendants deny the allegations. The remaining allegations in paragraph 73 purport to characterize CCA and CCAAs for the lesser prairie-chicken, agreements which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied.

74. The allegations in paragraph 74 that in 2010 Guardians filed a complaint in the United States District Court for the District of Colorado regarding the lesser prairie-chicken is admitted. The remaining allegations in paragraph 74 purport to characterize the complaint, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

75. Defendants admit that on December 11, 2012, the Service published a proposed rule to list the lesser prairie-chicken and that the Service satisfied the deadline contained in the MDL Agreement with Guardians, as subsequently modified. However, the remaining allegations in paragraph 75 purport to characterize the MDL Settlement Agreement with Guardians and the proposed listing rule for the lesser prairie-chicken, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

76. The allegations contained in paragraph 76 consist of legal conclusions and purport to characterize Plaintiffs' case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

77. The allegations contained in paragraph 77 purport to characterize the proposed listing rule for the lesser prairie-chicken, which speaks for itself and is the best evidence of its

contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations contained in the second clause in paragraph 77 also contain a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

78.     Defendants admit that, on May 6, 2013, the Service published a proposed special rule under 16 U.S.C. §1533(d) of the ESA (78 Fed. Reg. 26302), and that on December 11, 2013, the Service published a proposed revised special rule under 16 U.S.C. §1533(d) (78 Fed. Reg. 75306).  The remaining allegations contained in paragraph 78 purport to characterize the proposed special rule and the proposed revised special rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

79.     Defendants admit that on March 27, 2014, the Service published a final listing rule for the lesser prairie-chicken (79 Fed. Reg. 19973).  The remaining allegations contained in the first, second, fourth, and fifth sentences of paragraph 79 purport to characterize the final listing rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to their plain language and meaning are denied.  The allegations contained in the third sentence of paragraph 79 purport to characterize the 2008, 2009, 2010, and 2011 CNORs, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

80.     Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations in the third sentence of paragraph 80 and on that basis those allegations are denied.  The remaining allegations in paragraph 80 purport to characterize the Range-Wide Conservation Plan and the Oil and Gas CCAAs for the Lesser Prairie-Chicken,

agreements which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied.

81. The allegations in paragraph 81 purport to characterize a press release issued by the Service, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

82. Defendants admit the first sentence of paragraph 82. Defendants lack information or knowledge sufficient to formulate an opinion as to the truth of the allegations contained in the second sentence of paragraph 82, and deny them on that basis.

83. The allegations contained in paragraph 83 purport to characterize the Final Policy for Candidate Conservation Agreements with Assurances (CCAA Policy), which was published on June 17, 1999 (64 Fed. Reg. 32726) and the final listing rule for the lesser prairie-chicken, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

84. The allegations contained in paragraph 84 purport to characterize a 12-month finding (75 Fed. Reg. 56050) on a 2008 petition from Guardians to list the Sprague's pipit, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

85. With respect to the first six sentences of paragraph 85, Defendants admit that the Service adjusted the LPN for Sprague's pipit to an LPN of 8, but aver that the adjustment first appeared in the 2011 CNOR (76 Fed. Reg. 66370, 66374 (Oct. 26, 2011)), and that the Service has continued to assign an LPN of 8 for the Sprague's pipit through the 2013 CNOR (78 Fed. Reg. 70104, 70121 (Nov. 22, 2013)). The remaining allegations contained in the first six sentences of paragraph 85 purport to characterize the 2012 CNOR, which speaks for itself and is

the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. With respect to the sixth sentence, Defendants admit that Sprague's pipit was one of the candidate species included in the 2010 CNOR, and that the MDL Settlement Agreement with Guardians requires the Service to submit either a proposed listing rule or a not-warranted finding for all candidates included in the 2010 CNOR by the end of fiscal year 2016. The remaining allegations contained in the sixth sentence of paragraph 85 purport to characterize the MDL Settlement Agreement with Guardians, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

86. The allegations contained in paragraph 86 purport to characterize the 2010 CNOR or the MDL Settlement Agreement with Guardians, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

87. The allegations contained in paragraph 87 purport to characterize the 12-month finding for the greater sage-grouse, the 2013 CNOR, or the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

88. The allegations contained in paragraph 88 purport to characterize the MDL Agreement with Guardians, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

89. The allegations contained in paragraph 89 purport to characterize the MDL Agreement with CBD, and the 90-day finding, proposed listing rule, and notice extending the comment period for the northern long-eared bat, which speak for themselves and provide the best

evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

## CLAIMS FOR RELIEF

90. Defendants incorporate by reference each and every response to the allegations contained in the paragraphs numbered 1 through 89 above.

91. The allegations contained in paragraph 91 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

92. The allegations contained in paragraph 92 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

93. The allegations contained in paragraph 93 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

94. The allegations contained in paragraph 94 purport to characterize the ESA, which provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

95. Defendants deny the allegations in paragraph 95.

96. The allegations contains in paragraph 96 purport to characterize the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

97. The allegations in paragraph 97 contain legal conclusions, to which no response is required, or purport to characterize the MDL Agreements, which speak for themselves and

provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

98. Defendants incorporate by reference each and every response to the allegations contained in the paragraphs numbered 1 through 97 above.

99. The allegations contained in paragraph 99 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

100. The allegations contained in paragraph 100 purport to characterize the Service's regulations implementing the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

101. The allegations contained in paragraph 101 purport to characterize the Service's regulations implementing the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

102. The allegations contained in paragraph 102 purport to characterize the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

103. The allegations in the first sentence of paragraph 103 purport to characterize the Range-Wide Conservation Plan, the Agricultural CCAA and the Oil and Gas CCAA for the Lesser Prairie Chicken, agreements which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations in the second sentence of paragraph 103 concerning unidentified "consideration measures" are vague and ambiguous, and on that basis Defendants deny the allegations.

104. The allegations contained in paragraph 104 that the Service did not sufficiently review and analyze scientific data and conservation practices before finalizing the rules to list the lesser prairie-chicken and the rabbitsfoot mussel are denied. The remaining allegations contained in paragraph 104 contain legal conclusions, to which no response is required, or purport to character the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

105. Defendants incorporate by reference each and every response to the allegations contained in the paragraphs numbered 1 through 104 above.

106. The allegations contained in paragraph 106 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

107. The allegations contained in paragraph 107 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

108. The allegations contained in paragraph 108 purport to characterize the Guidelines, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

109. Defendants deny the allegations in paragraph 109.

110. The allegations contained in paragraph 110 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations.

111. Defendants incorporate by reference each and every response to the allegations contained in the paragraphs numbered 1 through 110 above.

112.     The allegations contained in paragraph 112 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

113.     The allegations contained in paragraph 113 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

114.     The allegations contained in paragraph 114 contain legal conclusions, to which no response is required, or purport to characterize the APA, the MDL Settlement Agreements, and the Guidelines, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

115.     The allegations contained in paragraph 115 purport to characterize the Service's regulations implementing the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

116.     The allegations contained in paragraph 116 contain legal conclusions, to which no response is required, or purport to characterize the MDL Settlement Agreements or the Service's regulations implementing the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

117.     The allegations contained in paragraph 117 contain legal conclusions, to which no response is required, or purport to characterize the MDL Settlement Agreements or the Service's regulations implementing the ESA, which speak for themselves and provide the best evidence of

their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

118. The allegations contained in paragraph 118 contain legal conclusions, to which no response is required, or purport to characterize the MDL Settlement Agreements or the Service's regulations implementing the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

119. Defendants incorporate by reference each and every response to the allegations contained in the paragraphs numbered 1 through 118 above.

120. The allegations contained in paragraph 120 purport to characterize the MDL Settlement Agreements or the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

121. The allegations contained in the first sentence of paragraph 121 purport to characterize the MDL Settlement Agreements or the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations contained in the second sentence of paragraph 121 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

122. The allegations contained in paragraph 122 purport to characterize the MDL Settlement Agreements or the ESA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

123. The allegations contained in paragraph 123 contain legal conclusions, to which no response is required, or purport to characterize court decisions, which speak for themselves and

provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

124. The allegations contained in paragraph 124 purport to characterize the MDL Settlement Agreements or other court filings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

125. The allegations contained in paragraph 125 contain legal conclusions, to which no response is required, or purport to characterize the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

126. The allegations contained in paragraph 126 contain legal conclusions, to which no response is required, or purport to characterize the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

127. The allegations contained in paragraph 127 contain legal conclusions, to which no response is required, or purport to characterize the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

128.    The allegations contained in paragraph 128 contain conclusions of law or requests for relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

129.    Defendants incorporate by reference each and every response to the allegations contained in the paragraphs numbered 1 through 128 above.

130.    The allegations contained in paragraph 130 purport to characterize the Constitution, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

131.    The allegations contained in paragraph 131 purport to characterize the ESA and the MDL Settlement Agreements, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

132.    The allegations contained in paragraph 132 are denied.

133.    The allegations contained in paragraph 133 contain conclusions of law or requests for relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

134.    The allegations contained in paragraph 134 contain conclusions of law or requests for relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

135.    Defendants incorporate by reference each and every response to the allegations contained in the paragraphs numbered 1 through 134 above.

136.    The allegations contained in paragraph 136 contain conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

137.     The allegations contained in paragraph 137 contain conclusions of law, to which no response is required, or purport to characterize the ESA and the final listing rule for the lesser prairie-chicken, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

138.     The allegations contained in paragraph 138 contain conclusions of law, to which no response is required, or purport to characterize the final listing rule for the lesser prairie-chicken, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

139.     The allegations contained in paragraph 139 that, in listing the lesser prairie-chicken, the Service did not consider the "best scientific and commercial data available" or take conservation measures into consideration are denied. The remaining allegations contained in paragraph 139 contain legal conclusions, to which no response is required, or purport to characterize the ESA and the final listing decision for the lesser prairie-chicken, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. To the extent a response is required, Defendants deny the allegations.

140.     The allegations contained in paragraph 140 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

**REQUESTED RELIEF**

The remaining allegations in the Amended Complaint constitute Plaintiffs' request for relief to which no further response is required. Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

# GENERAL DENIAL

Defendants deny each and every allegation of the Amended Complaint not otherwise expressly admitted, qualified, or denied herein.

# AFFIRMATIVE DEFENSES

1.      To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claims should be dismissed.

2.      To the extent that the Court lacks jurisdiction over some or all of Plaintiffs' claims, any such claims should be dismissed.

3.      To the extent that Plaintiffs lack standing to raise some or all of their claims, any such claims should be dismissed.

4.      To the extent that some or all of Plaintiffs' claims are moot or not ripe for adjudication, any such claims should be dismissed.

5.      To the extent that Plaintiffs have failed to comply with the ESA's 60-day notice provision, as set forth in 16 U.S.C. § 1540(g)(2)(C), their claims should be dismissed.

6.      To the extent that some or all of Plaintiffs' claims are partially or completely barred by laches, equitable estoppel, or similar equitable doctrines, any such claims should be dismissed.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, and therefore request that the Amended Complaint be dismissed with prejudice, that judgment be entered for Defendants, and that the Court order such other and further relief as it may allow.

Dated: May 19, 2014

Respectfully submitted,

SAM HIRSCH
Acting Assistant Attorney General
SETH M. BARSKY
Section Chief
KRISTEN L. GUSTAFSON
Assistant Section Chief
CLIFFORD E. STEVENS, JR.
Trial Attorney


*/s/ H. Hubert Yang*
H. HUBERT YANG
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0210
Fax: (202) 305-0275
E-mail: clifford.stevens@usdoj.gov
E-mail: hubert.yang@usdoj.gov

Of Counsel:

JOAN GOLDFARB
Attorney-Adviser
BENJAMIN JESUP
Attorney-Adviser
United States Department of the Interior
Office of the Solicitor
Branch of Fish & Wildlife
Washington, DC Headquarters

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2014, I electronically filed the foregoing Defendants'

Answer To Plaintiffs' Amended Complaint with the Clerk of the Court using the CM/ECF

system, which will send notification of this filing to the attorneys of record.

*/s/ H. Hubert Yang*
H. HUBERT YANG
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

*Attorney for Defendants*